IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                                              : CHAPTER ELEVEN
                                                    :
MUSSI REALTY, LLC,                                  : BANKRUPTCY NO.: 4-15-bk-01441-JJT
                                                    :
         DEBTOR                                     :

# OPINION[1]

On November 19, 2015, the above-captioned Debtor filed an Application requesting the appointment of the law firm of McQuaide Blasko, Inc. and Cristin R. Long, Esquire, to represent the Debtor in the sale of estate assets, namely, a restaurant consisting of real property located in State College, Pennsylvania, together with certain personal property used in the operation of the restaurant in the form of equipment, furnishings, machinery, and liquor license owned by a non-debtor, Piedmont Food Company. By Order dated November 30, 2015, (Doc. #58), the Court granted the Debtor's application to approve the appointment of the law firm of McQuaide Blasko, Inc.[2] The effort to sell the restaurant free and clear of liens was initiated by adversary Complaint at docket 4-15-ap-00194-JJT, which sale was reported to the Court as taking place on May 11, 2016. See adversary docket 4-15-ap-00194-JJT at #19 (Report of Sale).

On October 31, 2016, McQuaide Blasko, Inc. filed its first and final application for allowance of compensation and expenses. The Third Circuit in the case of *In re Busy Beaver Bldg. Ctrs*, 19 F.3d 833 (3rd Cir. 1994), mandates this Court to independently review fee applications even in the absence of objections. The Court completed a review of the services provided in the application and determined that much of the services performed by counsel were

---

[1] Drafted with the assistance of Richard P. Rogers, Career Law Clerk.

[2] Contained within the Order authorizing the appointment of counsel is the following: *Execution of this Order approving employment is not a guarantee that payment will ultimately be approved in any amount from the estate. Such compensation is dependent on the consideration of a final application for fees. *In re Engel*, 124 F.3d 567 (3rd Cir. 1997).

completed prior to the date that counsel filed its application for appointment. By Order dated December 2, 2016, the Court, after review of the application, granted that portion of the application requesting fees and costs which were rendered and incurred by the applicant after the date of the filing of the application for appointment. As to the request for fees and costs rendered prior to the date of the filing of the application for appointment, the Court, sua sponte, set a hearing to address the issue as to whether the Court should approve payment of the pre-application fees. The Court having heard argument at the time of the hearing from Debtor's counsel, also gave counsel for Debtor and applicant an opportunity to submit briefs in support of its argument as to why counsel should be awarded the entire request for fees and expenses.

In short, the Debtor argues that the failure to file an application to appoint special counsel at the time when special counsel began to render services on behalf of the Debtor was based on several reasons. Those reasons advanced by Debtor were that special counsel was inexperienced in the area of bankruptcy law and was not aware of the requirement to file an early retention application. Furthermore, because of the inexperience of special counsel, it relied upon the Debtor and its bankruptcy counsel to apply for approval of special counsel's appointment and, through miscommunication, that application was not timely filed. When it was filed, it did not ask for nunc pro tunc approval. Finally, special counsel was under time pressure to negotiate a sale agreement that was feared to be lost or face foreclosure by the mortgagee. It was for all the above reasons that special counsel did not file the application to be appointed at or near the time that it began to render services for the Debtor.

Debtor's counsel sets forth the issue as whether the mandates set forth by the Third Circuit in the case of *In re Arkansas Company*, 798 F.2d 645 (3rd Cir. 1986), support the

[K:\Cathy\Opinions-Orders filed 2017\4-15-bk-01441-JJT_Mussi_Realty.pdf]   2

Case 4:15-bk-01441-JJT    Doc 138    Filed 02/24/17    Entered 02/24/17 11:27:55    Desc
Main Document    Page 2 of 4

approval of the entire fee application filed by special counsel.[3] The *Arkansas* Court instructs that appointments of a professional may be granted by a Bankruptcy Court in its discretion but only under extraordinary circumstances. *Id.* at 650. Were there particular circumstances which would excuse either Debtor's counsel or special counsel's failure to seek prior approval of special counsel's appointment? One of the considerations that *Arkansas* instructs the Court to look to is whether the applicant or some other person bore responsibility for applying for approval. In this regard, the fee application reflects no less than 10 different time entries setting forth contacts between Debtor's counsel and special counsel by way of telephone calls, emails, and a meeting, all taking place over a several month period and prior to the application for appointment of special counsel. These numerous contacts over several months simply undermine the argument that Debtor's counsel and special counsel can make that time constraints weighed so heavily on the performance of their duties involving the sale of estate assets therefore creating such an extraordinary circumstance that they could not file a request for appointment early on in performance of their duties for the estate. Additionally, any misunderstanding as to who was responsible for filing the application for appointment could have been addressed by experienced bankruptcy counsel and special counsel during one of these numerous contacts as reflected on the fee application. This argument rings hollow.

*Arkansas* also instructs that another factor the Court should look at in exercising its discretion in this context is the extent to which compensation to the applicant will prejudice innocent third parties. *Id.* at 650. Page 2 of Debtor's brief provides that "Debtor's president

---

[3] One of the options that Debtor's counsel has requested the Court to consider is to approve that portion of special counsel's application attributable to the period after the date it filed its application for appointment and to defer consideration of the remaining part of the application until special counsel has an opportunity to file an employment application nunc pro tunc. As already noted, the Court has approved the fees and costs incurred on behalf of the estate by special counsel for the period on and following the date of the filing of the application for appointment. While a request for approval of employment nunc pro tunc has not been filed, the Court will consider the application for fees and the brief in support filed by Debtor's counsel as a de facto request to appoint special counsel nunc pro tunc.

advised its bankruptcy counsel that the special counsel would be compensated from Piedmont Food's share of the sale proceeds." Though an affiliate of the Debtor, Piedmont Food is a non-Debtor but, nonetheless, its assets in the form of personal property, including liquor license, were part of the overall sale of the restaurant business. It appears likely that the estate was not responsible for the payment of special counsel's fees.

Debtor alternatively requests that the Court approve the portion of special counsel's fee application attributable to the period after November 19, 2015, and deny the remainder without prejudice to payment of special counsel's fees through the assets of the Piedmont Food Company. Approving this alternative request does not run contrary to any of the Court's observations or findings in this Opinion.

It is for these reasons the Court, which has already approved those fees for the period subsequent to the filing of the application for appointment, (See Order of Court dated December 2, 2016, (Doc. #129)), will deny the portion of the fee application requesting fees and costs incurred for that period prior to the filing of special counsel's application for appointment.

My Order will follow.

By the Court,

Date: February 24, 2017

John J. Thomas, Bankruptcy Judge
(CMS)